# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edward A. Bobrick | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2697 | **DATE** | 2/5/2002 |
| **CASE TITLE** | Craig Armstrong vs. Dennis Drahos | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Dennis Drahos' motion to dismiss is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 0 6 2002 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 2/5/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| TH✓ | courtroom deputy's initials | 02 FEB -5 PM 4:18 | TH | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

CRAIG ARMSTRONG, )
)
Plaintiff, )
)
)          No. 01 C 2697
v. )
)          Magistrate Judge Bobrick
DENNIS DRAHOS, )
)
Defendant. )

**DOCKETE**

FEB 0 6 20(

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

This matter is before the court on defendant Dennis Drahos' MOTION TO DISMISS. Plaintiff Craig Armstrong filed this pro se civil rights action under 42 U.S.C. § 1983 complaining of his conditions of confinement at the Cook County Jail. By order dated June 1, 2001, Judge Gettleman of this court granted Armstrong leave to file in forma pauperis, dismissing defendants Cook County Department of Corrections, Michael Sheahan and Ernesto Velasco, but permitting the suit to proceed solely against Dennis Drahos, the superintendent of Division 6 of the Cook County Jail where Armstrong was confined. The parties consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and this action was reassigned to the undersigned on July 16, 2001. Drahos has moved to dismiss the complaint under Rule12(b)((6), Fed.R.Civ.P.

### II. DISCUSSION

A motion to dismiss should not be granted unless the court concludes that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The court assumes that the alleged facts are true and draws every reasonable inference in the plaintiff's favor. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). A pro se complaint is held to less stringent standards than a complaint drafted by

an attorney, *id.* at 845-46, and for a pro se plaintiff the court considers the allegations contained in all documents filed with the court. *See Gutierrez v. Peters,* 111 F.3d 1364, 1367 & n. 2 (7th Cir. 1997); *Swofford v. Mandrell,* 969 F.2d 547, 549 (7th Cir. 1992).

## A. Exhaustion Of Available Administrative Remedies

Drahos' first line of defense is that Armstrong did not exhaust his administrative remedies before filing his complaint. Under 42 U.S.C. § 1997e(a), part of the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Drahos does not contest that Armstrong filed grievances, and copies of grievances were attached to the complaint. Drahos states that Armstrong did not exhaust the appeals process. Armstrong, however, states in his complaint, under oath, that he received no response to his grievances. If he received no response, there was nothing to appeal. *See Powe v. Ennis,* 177 F.3d 393, 394 (5th Cir. 1999)(administrative remedies are deemed exhausted when state's time for response has expired); *Jones v. DeTella,* 12 F.Supp.2d 824, 826 (N.D.Ill. 1998)(Alesia, J.)(prisoner had exhausted his administrative remedies when prisoner did not receive a written response from the Administrative Review Board).

Drahos' argument also assumes that the appeals process was known and hence available to Armstrong. Whether Armstrong exhausted available administrative remedies is a question of fact, and "it is a truism that fact-finding has no part in resolving a Rule 12(b)(6) motion." *International Marketing, Ltd. v. Archer-Daniels-Midland Company, Inc.,* 192 F.3d 724, 729 (7th Cir. 1999).

## B. Physical Injury

Drahos asserts that Armstrong has alleged no physical injury as a result of the conditions of which he complains. Another provision of the PLRA, 42 U.S.C. § 1997e(e), provides that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." Armstrong in response cites cases

2

supporting his assertion that the disgusting and unsanitary conditions in the Jail violate the Eighth Amendment, but does not allege that they made him physically ill.

While we agree that Armstrong has not alleged physical injury and so cannot sue for emotional injury as an element of damages, this suit is not necessarily barred. Drahos's position assumes that there can be no Eighth Amendment claim without at least an emotional injury.[1] But although the Eighth Amendment forbids the wanton infliction of pain, the Eighth Amendment is not concerned only with pain: "[t]he basic concept underlying the Eighth Amendment is nothing less than the dignity of man." *Trop v. Dulles,* 356 U.S. 86, 100 (1958). "[P]unishments 'incompatible with the evolving standards of decency that mark the progress of a maturing society' *or* 'involv[ing] the unnecessary and wanton infliction of pain' are 'repugnant to the Eighth Amendment.' " *Hudson v. McMillian,* 503 U.S. 1, 10 (1992)(emphasis added)(quoting *Estelle v. Gamble,* 429 U.S. 97, 102-03 (1976))(internal quotation marks omitted).

Because the Eighth Amendment is understood to protect not only the individual, but the standards of society, the Eighth Amendment can be violated even when no pain is inflicted, if the punishment offends basic standards of human dignity. A prime example is the Eighth Amendment's forbidding even the painless execution of an insane person who cannot appreciate what is happening to him and why. *Ford v. Wainwright,* 477 U.S. 399 (1986). It would also presumably forbid mutilation and display of the corpse of an executed person, which would inflict neither emotional nor physical suffering on him. Conceivably, a saintly prisoner maliciously denied food for ten days might utilize the experience for beneficial meditation and weight loss and suffer neither physical nor emotional injury, yet would nevertheless have been subjected to uncivilized punishment.

Because societal and not merely individual interests are at stake, a claimed violation of the Eighth Amendment should be treated like other claimed deprivations of substantive constitutional

---

[1] Strictly speaking, because Armstrong was a pretrial detainee, his claims arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment as applied to the state through that Clause. Armstrong had a right not to be punished at all, rather than not to suffer cruel and unusual punishment. Nevertheless, since incarceration under inhumane conditions is never a permissible punishment, the standards are the same. *See Henderson,* 196 F.3d at 844.

rights: the plaintiff should be required to show no injury other than the violation itself, although this, without more, will only entitle him to nominal damages. In *Rowe v. Shake*, 196 F.3d 778 (7th Cir. 1999), the district court had dismissed a First Amendment claim brought by a prisoner and a person who wished to correspond with him because the prisoner had alleged no physical injury. The Seventh Circuit held that this was error, although it upheld the dismissal on other grounds. While disruption of the prisoner's correspondence presumably caused only emotional suffering, the court held that a deprivation of First Amendment rights standing alone is a cognizable injury; "a prisoner is entitled to judicial relief for a violation of his First Amendment rights aside from any physical, mental, or emotional injury he may have sustained." *Id.* at 781.

Armstrong may not claim emotional injury as an element of damages, but if his substantive right to be free from punishment has been infringed, he is entitled to nominal damages and perhaps punitive damages as well. In *Kyle v. Patterson*, 196 F.3d 695 (7th Cir. 1999), the district court found that the plaintiff's Fourth Amendment right not to be detained without a hearing had been violated when he was held for sixty hours before being charged. Nevertheless, the district court found he had suffered no injury because he had been unable to make bail after his belated appearance; had he been charged in a timely manner he would only have been transferred from the police lockup to the Cook County Jail a few hours earlier. The district court accordingly entered summary judgment for nominal damages, the plaintiff not having requested punitive damages. Although ultimately affirming the judgment, the Seventh Circuit stated that punitive damages could have been awarded upon a showing of evil motive or intent, or reckless or callous indifference to the federally protected rights of others. *Id.* at 698. Notably, it was not suggested that the plaintiff had no claim because he had suffered no physical injury -- including no loss of physical liberty -- as a consequence of the Fourth Amendment violation.

## C. Personal Involvement

Drahos points out that the complaint does not allege his personal involvement or participation. Drahos is correct, of course, that liability under § 1983 cannot be predicated upon

4

a defendant's supervisory position. *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997). In the initial order permitting this action to proceed, Judge Gettleman acknowledged that the complaint did not permit the inference that Cook County Sheriff Michael Sheahan or Ernesto Velasco, the Executive Director of the Cook County Department of Corrections, had personal responsibility for the conditions in Armstrong's unit, but that Drahos, the unit superintendent, was in a different position. The court is required to draw all reasonable inferences in Armstrong's favor. Because of his position, Drahos, unlike Sheahan or Velasco, could be presumed both to know of conditions in the unit under his supervision and to have the power or authority to correct them; further, if this is not the case, he will be able, through discovery, to enable Armstrong to identify those who are proper defendants. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996).

## D. Official Capacity

Drahos asserts that Armstrong has not stated a claim against him in his official capacity. The court agrees, although it does not appear that Armstrong intended to do so. The words "official capacity" do not appear in the complaint, and the court assumes that Armstrong only intended to sue Drahos in his individual capacity.

## E. Severity Of Conditions

A conditions-of-confinement claim under the Due Process Clause, like a claim under the Eighth Amendment, has both an objective and a subjective component. *Henderson*, 196 F.3d at 845. Objectively, the deprivation must be sufficiently serious; a common formulation is that it must "result in the denial of the minimal civilized measure of life's necessities." *Id.*; *see Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Subjectively, the conditions must have been imposed as a consequence of intentional action or deliberate indifference. *Henderson*, 196 F.3d at 845. While Drahos' motion generally follows this structure, the implication that a violation requires that the

plaintiff have been singled out for punishment, Drahos Br. at 10, is incorrect. *See Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Drahos points to several decisions of this court finding that conditions at the Jail, while uncomfortable, are not so severe as to meet the objective test for constitutional violations. The court agrees that it is settled that sleeping on a mattress on the floor is not unconstitutionally inhumane. *Hines v. Sheahan*, 845 F.Supp. 1265, 1269 (N.D.Ill. 1994); *Powell v. Cook County Jail*, 815 F.Supp. 757, 759 (N.D.Ill 1993). Nevertheless, the other problems that Armstrong has raised in his complaint -- lack of sanitation, filth, rodents, insects, bad ventilation -- are not so easily disposed of. It would be hard to argue that it would be *impossible* for any of these to amount to a constitutional violation.

Whether conditions are objectively bad enough to amount to a constitutional violation is a matter of both degree and duration. *Tesch v. County of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998); *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997)("A condition which might not ordinarily violate the Eighth Amendment may nonetheless do so if it persists over an extended period of time"); *Antonelli*, 81 F.3d at 1431. Armstrong states in his response to Drahos' motion that he was confined in Cook County Jail for two years. And while the test is "objective" with respect to the mental state of both defendant and plaintiff, it is unavoidably subjective on the part of the trier of fact; rarely are conditions subject to objective measurement, and "the minimal civilized measure of life's necessities" against which they are to be measured is not an objective yardstick, either. In his inarticulate complaint, Armstrong has alleged enough to permit the inference that the conditions of his confinement were objectively unconstitutional.

## F. Defendant's State Of Mind

Finally, Drahos objects that Armstrong has not alleged that he acted with deliberate indifference to the conditions of which Armstrong complains. As stated above, it can be inferred at this stage of the case that Drahos was made aware of the conditions in the unit and had the authority to remedy or ameliorate them.

Drahos is correct that he cannot be held responsible for overcrowding in the Jail. Drahos presumably had no control over the number of prisoners assigned to his unit, and could not increase the capacity of the unit or the Jail. *See Houston v. Sheahan*, 62 F.3d 902 (7th Cir. 1995). The "deliberate indifference" standard implies that the defendant had the ability to take remedial measures; a defendant cannot be liable for what he is powerless to prevent. Nevertheless, the other conditions of which Armstrong complains do not necessarily result from overcrowding. How much control Drahos had over these other conditions, and what control other persons, not yet named as defendants, may have had, are factual questions to be resolved at a later time. The motion to dismiss is accordingly denied.

## III. CONCLUSION

For the foregoing reasons, it is hereby ordered that defendant Dennis Drahos' MOTION TO DISMISS is DENIED.

ENTERED: _____

**EDWARD A. BOBRICK, MAGISTRATE JUDGE**
**United States District Court**

**DATED:** February 5, 2002